STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF DARLINGTON )

CARL JULIUS ROGERS, JR )
          Plaintiff(s) )   **CIVIL ACTION COVERSHEET**

vs. )   08 - CP - ____ - ____

CITY OF HARTSVILLE, HARTSVILLE POLICE DEPARTMENT, OFFICER ANTHONY COTTON IN HIS INDIVIDUAL AND OFFICIAL CAPACITY )   08 CP 16 3005
          Defendant(s) )

(Please Print)
Submitted By: M.W. COCKRELL, III
Address: 159 MAIN STREET
CHESTERFIELD SC 29709

| | |
|---|---|
| SC Bar #: | 69417 |
| Telephone #: | 843-623-5911 |
| Fax #: | 843-623-5700 |
| Other: | |
| E-mail: | cockrell@justice.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☒ Other (399) | ☐ Building Code Violation (460) |
| | | Personal Injury/Civil Rights | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| **Special/Complex /Other** | | | ☐ Public Service Commission (990) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Other (699) | | |

Submitting Party Signature: _____   Date: 11-26-08

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (5/04)   Page 1 of 2

```
STATE OF SOUTH CAROLINA  )
                         )   IN THE COURT OF COMMON PLEAS
COUNTY OF DARLINGTON     )       FOURTH JUDICIAL CIRCUIT
                         )   08-CP-
Carl Julius Rogers, Jr., )
                         )       08 CP 16 1005
         Plaintiff,      )
                         )   SUMMONS
              v.         )
                         )
City of Hartsville,      )
                         )
Hartsville Police Department, )
                         )
Officer Anthony Cotton in his )
Individual and Official Capacity, )
                         )
         Defendants.     )
_____)
TO:  The Defendant herein
```

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his offices at the *BARRISTER BUILDING* OLDE TOWNE CENTRE 159 Main Street, Chesterfield, South Carolina, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

COCKRELL LAW FIRM, PC

_____

M.W. Cockrell, III
SC BAR #69417
Olde Towne Centre
Barrister Building
159 Main Street
Chesterfield South Carolina 29709
843-623-5911
Attorney for the Plaintiff

November 20, 2008
Chesterfield, South Carolina

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF DARLINGTON ) <br> ) <br> Carl Julius Rogers, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> City of Hartsville, ) <br> ) <br> Hartsville Police Department, ) <br> ) <br> Officer Anthony Cotton in his ) <br> Individual and Official Capacity, ) <br> ) <br> Defendants. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> FOURTH JUDICIAL CIRCUIT <br> 08-CP- <br> <br> 08 CP 16 1005 <br> <br> **COMPLAINT** <br> <br> Jury Trial Demanded |

The Plaintiff, herein, complaining of the Defendants, would respectfully show unto this Honorable Court:

1) This Court has subject matter jurisdiction as these civil actions are based upon the common laws of South Carolina, S. C. Code Section 15-78-10, et seq., and U.S. Code of Laws 42 U.S.C. 1983, et seq.

2) This Court has personal jurisdiction over the defendants as the defendants committed tortuous acts in whole or part in Darlington County, South Carolina.

3) Venue in Darlington County is proper pursuant to S.C. Code Section 15-78-100(b).

4) The Plaintiff, Carl Julius Rogers, Jr. is sui juris and a citizen and resident of the County of Darlington, State of South Carolina.

5) Defendant, City of Hartsville is a municipal political body corporate and politic operating within the County of Darlington, State of South Carolina.



1

6) Defendant Hartsville Police Department is an agency and/or subdivision of the City of Hartsville.

7) Defendant, Officer Anthony Cotton is sui juris and a citizen and resident of the County of Darlington, State of South Carolina, and is named individually and in his official capacity as at all times relevant to this action, he was employed as a police officer with the City of Hartsville Police Department acted under color of state law and within the course and scope of his duties as an employee of the City of Hartsville Police Department, which is a division of the Defendant, City of Hartsville.

8) That on or about November 26, 2006, agents of Defendant City of Harstville and Hartsville Police Department, while acting within their official capacities, under color of state law and within the course and scope of their official duties with Defendant City of Harstville and Defedant Hartsville Police Department, did, in Darlington County, South Carolina, with excessive abrupt and brute force attack and injure the Plaintiff.

9) The acts of the Defendant Anthony Cotton striking the Plaintiff with his Police Vehicle and/or person, did cause Plaintiff to injure his left hip and right shoulder and as a result of this incident suffered injuries to his face, head and other parts of his body; these injuries have caused and will in the future cause great physical pain, suffering, mental anguish, emotional distress, and impairment of health and bodily efficiency; have caused the Plaintiff to spend money for medical services; have caused a permanent disability; and have caused scarring and disfigurement

## FOR A FIRST CAUSE OF ACTION
## (42 U.S.C. §1983- Unreasonable and Excessive Force)

10) That the foregoing allegations are realleged in their entirety as if set forth verbatim.

2

11) Defendant Anthony Cotton acted negligently, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution and used unreasonable and excessive force in placing Plaintiff under arrest.

12) Defendant Anthony Cotton's acts and omissions were done under the color of state and Municipal law and were in violation of Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

13) Defendant Anthony Cotton knew or should have known that his acts and omissions were in violation of Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

14) Defendant City of Hartsville is vicariously, jointly and severally liable with and for the acts and omissions of Defendant Anthony Cotton.

15) As a direct and proximate result of the acts and omissions of Defendant Anthony Cotton, Plaintiff has suffered physical and emotional injuries and has been damaged.

## FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring and Supervision)

16) The allegations of the preceding paragraphs are hereby repeated and incorporated herein.

17) That Defendants City of Hartsville and Hartsville Police Department hired and supervised its agents who were involved in the incident wherein Plaintiff was unjustifiably injured.

18) That in hiring and supervising its agents Defendants City of Hartsville and Hartsvville Police Department had a duty to hire agents and to supervise agents using reasonable and sufficient due care.

19) That Defendants City of Hartsville and Hartsville Police Department breached its duty to hire and supervise its agents who were involved in the aforementioned incident using reasonable and sufficient due care.

20) That Defendants City of Hartsville and Hartsville Police Department, upon information and belief, was aware that those of its agents who were involved in the aforementioned incident had, in the past, acted in violation of City and Department olicies and/or had stopped citizens for no legal cause in the past, and therefore Defendants were on notice of the potential for conduct on the part of its agents, similar to the conduct described in this Complaint.

21) That Defendant Hartsville Police Department was negligent, wanton, reckless and/or acted with deliberate indifference in the following particulars:

    a) Failure to institute and follow reasonable hiring practices to insure that only qualified applicants were hired;

    b) Failure to adequately train law enforcement personnel in public interaction, dispute resolution, proper arrest procedure, and basic first aid training;

    c) In hiring Defendant Anthony Cotton when it knew, or should have known, that he was unqualified and not

-4-

      suitable to be a police officer;

d) In failing to supervise Defendant Anthony Cotton, when it should have known that Anthony Cotton had engaged in similar unlawful conduct in the past;

e) In Failing to properly train the other officers at the scene to intercede when they observed Defendant applying unnecessary and excessive force againt the Plaintiffs;

f) In leaving other Officers on the scene who failed to interfere and protect the Plaintiff from the wrongful and unlawful acts of Defendant Anthony Cotton; and

g) In such other and further particulars as discovery will show.

22) That as a direct and proximate result of the negligence of Defendants City of Hartsville and Hartsville Police Department, Plaintiff has been damaged and is entitled to judgment in this in this matter, to a trial of the material facts by a jury, and to an award of damages for losses caused by Defendant's agents' actions in an amount to be determined by a jury.

## FOR A THIRD CAUSE OF ACTION
### (Assault)

23)    That the foregoing allegations are realleged in their entirety as if set forth verbatim.

24) Defendant, Anthony Cotton's reckless, willful and wanton actions with his hands, blunt objects and/or motor vehilce expressed a clear intent to inflict bodily harm upon the Plaintiff.

25) Defendant Anthony Cotton was not acting in self-defense nor did he have Plaintiff's consent.

5

26) As a result of Defendant Anthony Cotton's conduct, Plaintiff was placed in reasonable apprehension and fear of bodily harm and Plaintiff's fear was reasonable and justified.

27) As a result, Plaintiff suffered mental anguish and emotional trauma, which have caused Plaintiff to have to spend money for medical services, and has caused Plaintiff to lose money on the nature of wages and earnings.

28) Based on the above, Plaintiff is informed and believes that he is entitled to judgment for actual and punitive damages.

## FOR A FOURTH CAUSE OF ACTION
### (Battery)

29) Plaintiff realleges his previous allegations as if fully stated herein and to the extent they are consistent herewith.

30) Defendant Anthony Cotton's reckless, willful and wanton actions with his hands blunt objects body and/or motor vehicle caused the infliction of forcible and harmful contact with Plaintiff, thereby causing him to suffer personal injuries.

31) Defendant Anthony Cotton was not acting in self-defense nor did he have Plaintiff's consent.

32) As a result, Plaintiff sustained physical harm to his head, neck, face and certain parts of his body, which have caused Plaintiff to undergo much physical pain and suffering, mental anguish, emotional distress and impairment of health and bodily efficiency, and has caused Plaintiff to have to spend money for medical services, and has caused Plaintiff to lose money on the nature of wages and earnings.

## FOR A FIFTH CAUSE OF ACTION

### (Negligence as to Anthony Cotton)

33) That the foregoing allegations are realleged in their entirety as if set forth verbatim.

34) Defendant Anthony Cotton had a duty to exercise reasonable care in determining his right to apply force to the Plaintiff and in his application of force to the Plaintiff.

35) Defendant Anthony Cotton was negligent, grossly negligent and/or reckless in determining his right to apply force to the Plaintiff and in his application of force to the Plaintiff.

36) As a direct and proximate result of the acts and omissions of Defendnat Anthony Cotton, Plaintiff has suffered physical and emotional injuries and has been damaged.

## FOR A SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

37) That the foregoing allegations are realleged in their entirety as if set forth verbatim.

38) The Defendant Anthony Cotton intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct described above.

39) Defendant Anthony Cotton's conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized society.

40) The actions and conduct of Defendant Anthony Cotton, describe avoce, proximately caused Plaintiff's emotional stress.

41) The emotional distress suffered by the Plaintiff was severe so that no reasonable person could be expected to endure it.

42) As a direct and proximate result of the acts and omissions of Defendant Anthony Cotton, Plaintiff has suffered physcial and emotional injuries and has been



7

damaged.

**Wherefore, the Plaintiff respectfully prays for a judgment as follows:**

a) For judgment against Defendant City of Hartsville, Hartsville Police Department, and Defendant Anthony Cotton, in his Official Capacity, for all damages that he may be legally entitled to, in such amounts as may be determined appropriate by a judge and jury upon trial in this action;

b) For judgment against Defendant Anthony Cotton, individually, for all damages that he may be legally entitled to, in such amounts as may be determined appropriate by a judge and jury upon trial in this action;

c) For attorney's fees, costs and expenses of this suit pursuant to 42 U.S.C.A. §1983; and

d) For such other and further relief as this Honorable Court may deem necessary, just and proper.

Respectfully Submitted,

COCKRELL LAW FIRM, PC

_____

M.W. Cockrell, III
SC BAR #69417
Olde Towne Centre
Barrister Building
159 Main Street
Chesterfield South Carolina 29709
843-623-5911
Attorney for the Plaintiff

November 20, 2008

Chesterfield, South Carolina

8